O

194

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANAND JON ALEXANDER,       ) | Case No. CV 13-09302 DDP (AN) |
|                            ) | |
|         Petitioner,        ) | **ORDER MODIFYING MAGISTRATE JUDGE** |
|                            ) | **NAKAZATO'S JANUARY 22, 2013 AND** |
|     v.                     ) | **MARCH 5, 2013 ORDERS** |
|                            ) | |
| KIM HOLLAND,               ) | |
|                            ) | |
|         Respondent.        ) | |

The Court has conducted a de novo review of the record, including Petitioner's Objections (Docket Nos. 13, 21) and Magistrate Judge Nakazato's orders ruling on Petitioner's motion to stay and striking Petitioner's original petition (Docket Nos. 10, 17.) After conducting this review, the Court finds that the Magistrate Judge's determination that the original petition ought to be stricken was neither erroneous nor contrary to law. As a result, the Court overrules Petitioner's objections to Magistrate Judge Nakazato's order striking his original petition and accepts that portion of his order.

However, as to whether Petitioner has demonstrated an entitlement to a *Rhines* stay, the Court finds that Petitioner has

demonstrated good cause for his delay in beginning exhaustion of his unexhausted claims such that he is entitled to a *Rhines* stay. Petitioner claims he was forced to retain new counsel in July 2013 after discovering that his appellate counsel had been negligent. Given the voluminous trial record in this case, Petitioner's need to hire new counsel in light of his prior counsel's alleged failings, prior counsel's delay in handing over relevant documents, and new counsel's lack of familiarity with the case at the time he was hired, the Court finds that five months between new counsel's hire and the filing of both state and federal habeas petitions is reasonable. This length of time does not suggest either that new counsel has been less than diligent or that the delay is motivated by an improper purpose. Therefore, the Court sustains Petitioner's objections to Magistrate Judge Nakazato's orders as to the rulings on his entitlement to a *Rhines* stay. Petitioner's motion for a *Rhines* stay is GRANTED. As a result, the First Amended Petition, containing both exhausted and unexhausted claims, should be the operative petition.

IT IS SO ORDERED.


Dated: November 19, 2014

DEAN D. PREGERSON
United States District Judge